IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CORDELL L. GINES,**
**# B-20612,**

**Petitioner,**

**vs.**

**GUY D. PIERCE,**

**Respondent.**                              Case No. 16-cv-412-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Cordell Gines, who is currently incarcerated in the Pontiac Correctional Center, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to challenge the constitutionality of his sentence. This matter is now before the Court for a preliminary review of the § 2254 petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the claims, the Court concludes that the § 2254 petition warrants further review.

I.   **Background**

In 1997, Gines was tried and convicted of five counts of aggravated criminal sexual assault (Counts I, II, IV, V, and VI), one count of armed robbery (Count

VII), and one count of aggravated battery (Count VIII) in Jackson County, Illinois, Case No. 96-CF-450. He originally received an aggregate sentence of 45 years' imprisonment.[1]

Gines challenged his conviction and sentence in state and federal court. *See, e.g., Gines v. Mote*, Case No. 00-cv-902-DRH-CJP (S.D. Ill. 2000); *Gines v. Bartley*, Case No. 06-cv-00176-DRH (S.D. Ill. 2006).[2] He filed numerous direct appeals and post-conviction petitions in state court. (Doc. 1, p. 38). As a result of a post-conviction petition filed on June 5, 2002, Gines was resentenced on October 30, 2003. (*Id.*). Following a successive post-conviction petition filed on February 22, 2011, he was again resentenced on January 3, 2014. (*Id.* at 8, 20).

It is the 2014 sentence that Gines now disputes. The Jackson County Circuit Court imposed an aggregate sentence of 60 years' imprisonment on January 3, 2014. Gines challenged this sentence in a direct appeal and, despite the fact that his sentence was again modified on November 20, 2015, insists that

---

[1] Gines was initially sentenced to a concurrent term of 20 years' imprisonment on each of the three counts of aggravated criminal sexual assault and to a concurrent term of 25 years' imprisonment on each of the remaining two counts of aggravated criminal sexual assault, each to be served consecutively to the 20-year prison terms. He also received a 25-year term of imprisonment for armed robbery, to be served concurrently with the other 25-year terms. Finally, he was sentenced to 2 years' imprisonment for aggravated battery, to be served concurrently with the 25-year terms. Therefore, his initial sentence amounted to a 45-year term of imprisonment. *See Gines v. Bartley*, Case No. 06-cv-00176-DRH (S.D. Ill. 2007) (Doc. 15, p. 2).

[2] For reasons that are not clear to this Court, Gines failed to disclose any other "petition, application, or motion [filed] in a federal court regarding the conviction that [he] challenge[s] in this petition." (Doc. 1, p. 16). The Court need look no further than its own records, which are public, to find two prior § 2254 petitions filed by Gines to challenge the underlying conviction and subsequent sentence(s). *See Gines v. Mote*, Case No. 00-cv-902-DRH-CJP (S.D. Ill. 2000); *Gines v. Bartley*, Case No. 06-cv-00176-DRH (S.D. Ill. 2006). *See also See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

his sentence is still incorrect. (Doc. 1, pp. 37-40). The Illinois Supreme Court denied Gines' subsequent petition for leave to appeal, prompting him to seek federal habeas relief.

## II.   The Petition

In the instant § 2254 petition, Gines argues that he is ineligible for an extended-term sentence under 730 ILCS 5/5-8-2. (Doc. 1, p. 8, 21-23). He contends that his total sentence should range from 6 to 30 years, not 60 years. (*Id.*). He brings this challenge to his current sentence on grounds related to the ineffective assistance of his counsel. (*Id.* at 8, 18).

## III.   Discussion

Upon review of the instant § 2254 petition and the complicated procedural history of this case, the Court deems it inappropriate to dismiss the § 2254 petition at this time. Further review of this matter is warranted. For this reason, Respondent will be ordered to answer the petition or otherwise file a responsive pleading. This Order should not be construed as a decision regarding the merits of any particular claim asserted in the § 2254 petition. In addition, the Order does not preclude the State from making whatever argument it wishes to present, be it jurisdictional, waiver, exhaustion, forfeiture, timeliness, etc.

## IV.   Disposition

**IT IS HEREBY ORDERED** that Respondent **WARDEN GUY D. PIERCE** shall answer the petition or otherwise plead within thirty (30) days of the date this

order is entered (on or before June 8, 2016).[3]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3).

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Gines is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such

---

[3] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 9, 2016**

Digitally signed by
Judge David R.
Herndon
Date: 2016.05.09
15:42:24 -05'00'

**United States District Court**