IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL L. GINES, # B-20612, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-cv-412-NJR |
| | ) |
| DANIEL Q. SULLIVAN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In 1997, a Jackson County, Illinois, jury convicted Petitioner Cordell L. Gines of five counts of aggravated criminal sexual assault (counts I, II, IV, V, and VI), one count of armed robbery (count VII), and one count of aggravated battery (count VIII). *People v Gines*, Jackson Cnty. Case No. 96-CF-450; 2015 IL App (5th) 140050-U (Nov. 20, 2015) (Doc. 10-4, p. 76). He was originally sentenced to a total of 45 years' imprisonment.[1] *Id.* After several appeals and collateral challenges in state court, Gines was resentenced in January 2014 to consecutive sentences totaling 60 years on counts I, IV, V, and VI (aggravated criminal sexual assaults), with concurrent sentences on the remaining counts (10 years on count II for aggravated criminal sexual assault; 7 years on count VII for

---

[1] Gines was sentenced to concurrent 20-year terms on three of the sexual assault counts, and to concurrent terms of 25 years on the remaining two sexual assault counts—to be served consecutively to the 20-year terms. He was also given a 25-year sentence for the armed robbery count, and a 2-year sentence for aggravated battery, both of which were to be served concurrently with the 25-year sexual assault sentences. In this way, his aggregate initial sentence amounted to a 45-year term of imprisonment. (Doc. 10-3, pp. 10-11; *People v. Gines*, No. 5-02-0446 (Ill. App. Ct. July 16, 2003)).

armed robbery; and 2 years on count VIII for aggravated battery). A subsequent appeal resulted in a modification in that the count II sentence is now consecutive to the sentences for counts VII and VIII—but Gines's overall 60-year sentence was not affected. (Doc. 9, pp. 2-3); *People v. Gines*, 2015 IL App (5th) 140050-U (Nov. 20, 2015); (Doc. 10-4, pp. 75-78).

On April 13, 2016, Gines filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1).

The Petition primarily challenges the 60-year aggregate sentence imposed in January 2014 and modified on appeal in November 2015. Gines asserts that he should not have received a total sentence of more than 30 years, under the limit imposed by Section 5-8-1 of the Illinois sentencing statute, because he was not eligible for an extended-term sentence. (Doc. 1, p. 8); 730 ILCS 5/5-8-1 (1996). The state court cited the extended-term provision in imposing the 60-year aggregate sentence, which Gines claims violated due process. (Doc. 1, p. 8). He also claims that his trial counsel was ineffective and should be reprimanded. (Doc. 1, p. 18).

Gines seeks a writ of habeas corpus remanding the case to the Illinois Appellate Court or the trial court, for imposition of a sentence in the 6-30 year range. (Doc. 1, p. 18). Respondent opposes issuance of the writ, arguing that because Gines alleges a sentencing error under state law, his claim is not cognizable in a federal habeas petition brought under 28 U.S.C. § 2254. (Doc. 9, pp. 3-4). He further argues that any claim of ineffective assistance of counsel lacks merit. (Doc. 9, pp. 4-6). Gines replied to the response. (Docs. 14 and 15).

For the reasons discussed below, the Section 2254 Petition will be denied.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

The facts supporting Gines's convictions will not be repeated here in detail, nor will his extensive history of direct and collateral attacks on those convictions. The relevant procedural history was set forth in the most recent two Rule 23 Orders by the Illinois Appellate Court, Fifth District. (Doc. 10-4, pp. 75-78; *People v. Gines*, 2015 IL App. (5th) 140050-U (November 20, 2015); and Doc. 10-6, pp. 1-6; *People v. Gines*, 2016 IL App. (5th) 140513-U (Mar. 1, 2016)). The November 2015 order affirmed the trial court's January 2014 resentencing of Gines to the aggregate 60-year term, with the modification that the sentence on count II would be consecutive to the sentences on counts VII and VIII. The March 2016 order affirmed the trial court's dismissal of Gines's complaint seeking mandamus relief, which argued (as Gines does in this case) that his sentence should have been capped at 30 years, not 60. The summary below is drawn from those orders and the records of this Court.

After Gines was convicted in 1997, his convictions and original sentences were affirmed on direct appeal. *People v. Gines*, No. 5-97-0154 (Jan. 12, 1998). (Doc. 1, pp. 1-7; Doc. 10-4, p. 76). Gines filed his first federal habeas petition in this Court in November 2000. *Gines v. Mote*, Case No. 00-cv-902-DRH (S.D. Ill.). This Court dismissed that action with prejudice after finding that the claims were procedurally barred. (Doc. 17 in *Gines v. Mote*, Case No. 00-cv-902-DRH (S.D. Ill. Mar. 25, 2004)).

On June 5, 2002, Gines filed a state postconviction petition arguing that his sentences were void because they did not comply with the consecutive sentencing statute,

3

730 ILCS 5/5-8-4(a). (Doc. 10-4, p. 76). On appeal, the State conceded the error, and the case was remanded for resentencing. *People v. Gines*, No. 5-02-0446 (July 16, 2003); (Doc. 10-3, pp. 10-15; Doc. 10-4, p. 76). The appellate court noted that Gines's offenses fell into two courses of criminal conduct against the same victim: counts II (aggravated criminal sexual assault), VII (armed robbery), and VIII (aggravated battery) were part of one course of criminal conduct, and the remaining four aggravated criminal sexual assault counts (I, IV, V, and VI) arose from a second course of criminal conduct. (Doc. 10-4, p. 76). The appellate court stated that "[t]he sentences on counts I, IV, V, and VI should be consecutive pursuant to section 5-8-4(a) of the Code, because all of those offenses were committed in violation of section 12-14 of the Criminal Code of 1961." (Doc. 10-4, pp. 76-77).

Gines was resentenced on October 30, 2003, to an aggregate term of 77 years when the trial court applied the consecutive sentencing requirement. (Doc. 10-3, p. 19). In February 2006, he filed his second federal habeas corpus petition. *Gines v. Bartley*, Case No. 06-cv-176-DRH (S.D. Ill.). This Court found the petition to be successive and unauthorized, and dismissed it for lack of jurisdiction. (Doc. 15 in Case No. 06-cv-176-DRH (S.D. Ill., Mar. 22, 2007)).

Gines attempted to bring a successive state postconviction petition in February 2011. On appeal from the denial of leave to pursue successive relief, the appellate court vacated the aggregate 77-year sentence and remanded the case "with directions that the sentences previously imposed on the triggering offenses be ordered to run consecutively." *People v. Gines*, 2013 IL App. (5th) 110093-U (Sept. 3, 2013); (Doc. 10-4,

pp. 12; 77). The subsequent resentencing in January 2014 resulted in a new judgment imposing the aggregate 60-year sentence that Gines is now serving. The appellate court modified the judgment on November 20, 2015, to reflect that the count II aggravated criminal sexual assault sentence is consecutive to the sentences for counts VII and VIII, because it was part of the same course of conduct as those counts. (Doc. 10-4, pp. 77-78).

During the pendency of that appeal, Gines filed a complaint for mandamus relief in September 2014. (Doc. 10-6, p. 4). He sought an order to compel the circuit court to sentence him to no more than 30 years' imprisonment, arguing that the court erroneously relied on the extended-term sentencing statute when it imposed the 60-year aggregate sentence. *Id.* He further asserted that his day-for-day good-conduct credit would entitle him to immediate release because he had already served 18 years out of what he believed should have been a 30-year sentence. *Id.* The appellate court affirmed the trial court's denial of mandamus relief on March 1, 2016. *People v. Gines*, 2016 IL App. (5th) 140513-U; (Doc. 10-6, pp. 1-6).

This habeas corpus action followed.

### LAW APPLICABLE TO SECTION 2254 PETITION

**1.   Substantive Law**

This habeas Petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The [AEDPA] of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

5

Habeas is *not* merely another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established federal law if the state court "identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Coleman*, 690 F.3d at 814 (quoting *Williams*, 529 U.S. at 407).

Federal habeas review serves as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). The Supreme Court has repeatedly emphasized that the Section 2254(d) standard "is intentionally 'difficult to meet.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014), and *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)).

Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, "[a]s a condition for obtaining habeas corpus from a federal court, a

state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. "A state court's decision is reasonable, even if incorrect in our independent judgment, so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (internal citations omitted). For habeas relief to be granted, the state court's application of federal precedent must have been "objectively unreasonable," meaning "something like lying well outside the boundaries of permissible differences of opinion." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (internal citations omitted).

**2.     Timeliness, Exhaustion and Procedural Default**

In addition to the requirement for timely filing under the AEDPA, a habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Bolton v. Akpore*, 730 F.3d 685, 694-696 (7th Cir. 2013). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); see also 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Gines must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this

7

one. *Id*.

Respondent does not assert that Gines has failed to exhaust his state court remedies, nor does he raise procedural default or untimeliness. Rather, Respondent argues that the sentencing claim fails to raise a cognizable constitutional issue, and the claim of ineffective assistance of counsel lacks merit.

## ANALYSIS

Respondent notes, and the Court agrees, that while the instant Petition is the third one filed in this Court, it is not barred as a "successive" application. (Doc. 9, p. 3). Instead, it is Gines's first attempt in federal court to challenge the 2014 judgment entered upon his resentencing. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010); 28 U.S.C. § 2244(b).

However, Gines's primary argument rests on his interpretation of the Illinois statutes governing his sentences. He believes that the state court improperly used the extended-term sentencing range set forth in 730 ILCS 5/5-8-2(a) (1996) as a guideline to permit his consecutive sentences that aggregated to 60 years. He claims that because he was not eligible for an extended-term sentence, the non-extended term provision (with an upper limit of 30 years, found at 730 ILCS 5/5-8-1(a)(3) (1996)) should have dictated his sentence cap. (Doc. 1, pp. 8, 18, 20, 22, 36).

Because this claim does not invoke a federal constitutional issue, it does not present grounds for federal habeas corpus relief. Section 2254 directs that a court "shall entertain an application for a writ of habeas corpus" from a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 thus affords habeas relief only where a

8

prisoner's custody violates *federal* law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Gines's excessive sentence claim is based exclusively on state law. Claims of error in the application of state sentencing laws are not cognizable on habeas review. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002).

Gines asserts that his 60-year sentence was a "violation of due process," (Doc. 1, p. 8), but he does not articulate any argument in support of a due process claim. Furthermore, Gines has not demonstrated that he presented a federal due process claim to the state courts. A habeas petitioner must have alerted the state courts to the federal nature of his claims, or show cause and prejudice for his failure to do so, in order to avoid procedurally defaulting the federal claims. *See Bolton v. Akpore*, 730 F.3d 685, 695-97 (7th Cir. 2013); *Perruquet v. Briley*, 390 F.3d 505, 520 (7th Cir. 2004). Gines has not shown any cause for his failure to bring a due process claim in state court, nor has he raised a claim of actual innocence that might overcome his procedural default. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). For these reasons, Gines's due process claim cannot be considered in this habeas action.

Gines also appears to be presenting a claim of ineffective assistance of counsel against his trial attorney for his performance during the January 2014 resentencing hearing. (Doc. 1, pp. 8, 20). He asserts that he requested counsel to object to the state's assertion that the 60-year aggregate sentence was proper under 730 ILCS 5/5-8-2 (1996) (which sets forth the extended-term sentencing ranges for the various classes of felonies)—even though the prosecutor acknowledged that Gines was not eligible for an extended-term sentence. Respondent correctly observes that an objection to the

application of Section 5-8-2 for this purpose would have been futile, and thus could not have amounted to ineffective assistance. (Doc. 9, pp. 4-6).

The Illinois Supreme Court rejected the very argument Gines presents with regards to the calculation of the maximum aggregate consecutive sentences. At the time of Gines's sentencing, Section 5-8-4(c)(2) (1996) provided that "the aggregate of consecutive sentences shall not exceed the sum of the maximum terms authorized under Section 5-8-2 for the two most serious felonies involved." *People v. Woods*, 475 N.E.2d 589, 592 (Ill. 1985). The maximum term for a Class X felony under Section 5-8-2 is 60 years, therefore, the aggregate of consecutive sentences for a person such as Gines, who faced consecutive sentences for two or more Class X felonies, could not exceed 120 years. Section 5-8-4(c)(2) "refers to section 5-8-2 only as a measuring statute." *Woods*, 475 N.E.2d at 592. Therefore, a defendant subject to consecutive sentences "need not meet the separate qualifications for an extended-term sentence." *Id.* Indeed, the Illinois Appellate Court reached the same conclusion—that Gines could have been sentenced to consecutive terms up to 120 years—in addressing his December 2003 postconviction petition. *People v. Gines*, No. 5-04-0065 (Ill. App. Oct. 5, 2005) (Doc. 10-3, p. 23).

A claim of ineffective assistance of counsel must be analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Analysis under *Strickland* and on habeas review under Section 2254 are both highly deferential. Where, as here, both apply, the review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). In order to show ineffective assistance of counsel under *Strickland*, a petitioner must demonstrate (1) that counsel's performance "fell below an objective standard of reasonableness" ("the

performance prong"), and (2) "that the deficient performance prejudiced the defense" ("the prejudice prong"). *Strickland*, 466 U.S. at 687-88. A petitioner must satisfy *both* prongs of the *Strickland* analysis to be eligible for habeas relief. There is no mandatory order for the analysis, however, and a habeas court is not required to address both prongs if the petitioner has failed to make a sufficient showing on one. *Id.* at 697.

Here, Gines claims that his attorney was ineffective for failing to object when the prosecutor referenced the Illinois extended-term sentencing statute, 730 ILCS 5/5-8-2, as the relevant measure for determining the aggregate maximum of his consecutive sentences. Such an objection would have been futile, however, because under *People v. Woods*, 475 N.E.2d 589, 592 (Ill. 1985), Section 5-8-2 was the proper measuring statute, thus there was no error in computing the maximum sentence he faced. Gines has not demonstrated either deficient performance on counsel's part or prejudice.

For these reasons, Gines is not entitled to habeas corpus relief. His Petition will be denied, and this action shall be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S.

Ct. 759, 773 (2017).

Here, no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court denies a certificate of appealability.

Gines may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

## CONCLUSION

Cordell L. Gines's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1) is **DENIED**. This entire action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly.

If Gines wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Gines plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Gines does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief

from a final judgment, do not toll the deadline for an appeal.

    **IT IS SO ORDERED.**

    **DATED:  April 8, 2019**

                                                                                */s/ Nancy J. Rosenstengel*
                                                               **NANCY J. ROSENSTENGEL**
                                                               **Chief U.S. District Judge**